IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEBORAH A. BECKWITH, as Administratrix of the ESTATE of SAMANTHA R. BECKWITH, | ) ) ) ) | Case No. 3:18-cv-40 |
| Plaintiff, | ) ) | JUDGE KIM R. GIBSON |
| v. | ) ) ) | |
| BLAIR COUNTY, operating as BLAIR COUNTY PRISON, MICHAEL JOHNSTON, RANDY POLLOCK and PRIMECARE MEDICAL, INC., | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

I. Introduction

Presently before the Court is Defendant PrimeCare's partial motion to dismiss and motion to strike (ECF No. 15). The motion has been fully briefed (*see* ECF Nos. 16, 22) and is ripe for disposition. For the reasons that follow, the Court will **GRANT in part, and DENY in part,** PrimeCare's motion.

II. Jurisdiction and Venue

The Court has jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to the claims occurred in the Western District of Pennsylvania.

### III. Background

#### A. Factual History[1]

Samantha Beckwith was arrested in late September 2017. (ECF No. 11 at ¶ 15.) After her arrest, she was incarcerated at the Blair County Jail. (*Id.*) Beckwith had a documented history of psychological problems—she had been diagnosed with manic-depressive/bipolar disorder and took medication for these conditions on a daily basis. (*Id.* at ¶ 16). When Beckwith did not take her medication she acted erratically and sometimes became suicidal. (*Id.*)

The jail employees and medical staff at the Blair County Jail knew about Beckwith's medical conditions, her need for medication, and her suicidal ideations. (*Id.* at ¶ 18.) Since 2012, Beckwith had been incarcerated at Blair County Jail on ten occasions. (*Id.* at ¶ 17.) She also had "over 20 reports of various issues, including medical issues" from her previous incarcerations. (*Id.*)

Despite their knowledge of Beckwith's medical conditions, Blair County Jail and PrimeCare took no action to address Beckwith's medical needs and psychological problems during her incarceration in the fall of 2017. (*Id.* at ¶ 20.) They never reviewed her medical history or health records from previous stays at the jail. (*Id.*) They never evaluated Beckwith to determine whether she required additional testing or medical care. (*Id.*) And they failed to provide Beckwith with necessary medication.[2] (*Id.* at ¶ 21.)

---

[1] The Court derives the facts contained in this section from the Amended Complaint (ECF No. 11). The Court considers these facts as true for the sole purpose of deciding the pending motion.
[2] The Amended Complaint does not allege the specific date(s) on which Beckwith failed to receive medication, nor what medication(s) Beckwith failed to receive. (*See* ECF No. 11.)

2

Beckwith informed jail staff that she planned to kill herself. (*Id.* at ¶ 22.) Beckwith was briefly placed on "suicide watch." (*Id.* at ¶ 23.) But Blair County Jail and/or PrimeCare subsequently removed Beckwith from "suicide watch" without first making a medical determination that it would be safe to do so. (*Id.* at ¶ 24.) In fact, despite Beckwith's threat to commit suicide, Blair County Jail and/or PrimeCare never subjected Beckwith to a medical assessment, nor prescribed her necessary medication. (*Id.* at ¶ 25.)

Beckwith committed suicide on October 24, 2016 by hanging herself from her bunk using a bedsheet. (*Id.* at ¶ 27.)

### B. Procedural History

Plaintiff filed a complaint in the Court of Common Pleas of Blair County (ECF No. 1-2), which Defendants subsequently removed to this Court (ECF No. 1).

Plaintiff filed an Amended Complaint (ECF No. 11) containing the following counts: (I) a 42 U.S.C. § 1983 claim against Blair County for violations of the Fourteenth and Eighth Amendments; (II) a § 1983 claim against Warden Michael Johnston for violations of the Fourth, Fourteenth, and Eighth Amendments; (III) a § 1983 claim against Deputy Warden Randy Pollock for violations of the Fourth, Fourteenth, and Eighth Amendments; (IV) a § 1983 claim against PrimeCare for violations of the Fourth, Fourteenth, and Eighth Amendments; (V) a professional negligence/survival action claim against PrimeCare; (VI) a professional negligence/wrongful death claim against PrimeCare; (VII) a corporate

3

negligence/survival action claim against PrimeCare; and (VIII) a corporate negligence/wrongful death claim against PrimeCare.[3] (*See id.*)

PrimeCare filed a partial motion to dismiss. (ECF No. 15.) PrimeCare seeks to dismiss Plaintiff's corporate negligence claims (Counts VII and VIII) and Plaintiff's § 1983 claim against PrimeCare (Count IV) to the extent it asserts a Fourth Amendment claim. (*See id.*) PrimeCare also moves to strike several paragraphs from the Amended Complaint. (*See id.*)

## IV. Standard of Review

A complaint may be dismissed under Federal Rule of Civil Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016). But detailed pleading is not generally required. *Id.* The Rules demand only "a short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).

Under the pleading regime established by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a court reviewing the sufficiency of a complaint must take three steps.[4] First, the

---

[3] The Court observes that numerous counts in the Amended Complaint are incorrectly numbered, with several duplicates. The Court re-numbered the counts to remove redundancy and add clarity. This memorandum opinion presents the claims in the order in which they appear in the Amended Complaint.

[4] Although *Iqbal* described the process as a "two-pronged approach," *Iqbal*, 556 U.S. at 679, the Supreme Court noted the elements of the pertinent claim before proceeding with that approach, *id.* at 675–79. Thus, the Third Circuit has described the process as a three-step approach. *See Connelly*, 809 F.3d at 787; *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 n.4 (3d Cir. 2011) (citing *Santiago v. Warminster Township*, 629 F.3d 121, 130 (3d Cir. 2010)).

4

court must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675. Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679; *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth.") (citation omitted). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Connelly*, 809 F.3d at 786. Ultimately, the plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

V.  **Discussion: Motion to Dismiss**

   A.  **The Court Will Deny PrimeCare's Motion to Dismiss the Corporate Negligence Claims (Counts VII and VIII)**

PrimeCare argues that the Court should dismiss Plaintiff's corporate negligence claims because Plaintiff failed to file a certificate of merit to support her corporate negligence claims as required under Pennsylvania law. (ECF No. 15 at 5-9.) After PrimeCare filed its motion to dismiss, Plaintiff filed the requisite certificate of merit. (*See* ECF No. 21.) Plaintiff argues that PrimeCare's motion to dismiss is moot because Plaintiff subsequently filed a certificate of merit. (ECF No. 22 at 5.)

5

Pennsylvania law requires that a plaintiff alleging corporate negligence based on a licensed professional's deviation from the standard of care provide a certificate of merit. Pa. R. Civ. P. 1042.3(a). The certificate of merit must state either that:

> (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or
> (2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or
> (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

*Id.* As one district court aptly observed, Pa. R. Civ. P. 1042.3(a)(1) sets out a theory of direct liability, while Pa. R. Civ. P. 1042(a)(2) articulates a theory of vicarious liability. *See Stroud v. Abington Mem'l Hosp.*, 546 F. Supp. 2d 238, 248 (E.D. Pa. 2008).

A plaintiff must file the certificate of merit within sixty days of filing a complaint. Pa. R. Civ. P. 1042.3(a); *see, e.g., Stroud*, 546 F. Supp. 2d at 247. This sixty-day window runs from the filing of the original complaint, not the filing of an amended complaint. *See, e.g., Stroud*, 546 F. Supp. 2d at 255; *Ditch v. Waynesboro Hosp.*, 2007 PA Super 5, ¶ 24, 917 A.2d 317, 326 (2007); *O'Hara v. Randall*, 2005 PA Super 242, ¶ 15, 879 A.2d 240, 245 (2005).

Plaintiff filed her original Complaint on February 9, 2018. (See ECF No. 1-2.) Plaintiff filed a certificate of merit for the professional negligence claims—i.e. for the vicarious liability claims brought under Pa. R. Civ. P. 1042(a)(2)— on March 8, 2018. (*See* ECF No. 6.) But Plaintiff did not file a certificate of merit for the corporate negligence claims—i.e. for

6

the direct liability claims brought under Pa. R. Civ. P. 1042(a)(1) — until April 23, 2018 (*see* ECF No. 21), more than sixty days after Plaintiff filed the original complaint.

Plaintiff's failure to timely file her certificate of merit for the corporate negligence counts does not doom these claims. Under Pa. R. Civ. P. 1042.3(b)(2), a plaintiff asserting claims under both Pa. R. Civ. P. 1042.3(a)(1) and Pa. R. Civ. P. 1042.3(a)(2) against the same defendant — as Plaintiff does here — shall either file two certificates of merit (as Plaintiff eventually did) or a single certificate of merit explaining that the claims are raised under both subdivisions. Pa. R. Civ. P. 1042.3(b)(2). But Pa. R. Civ. P. 1042.8 states that "[i]f a court grants a motion to strike a claim for noncompliance with the requirements of Rule 1042.3(b), the court shall grant the plaintiff twenty days to file a certificate of merit which cures the defect." Accordingly, even if the Court were to grant PrimeCare's motion to dismiss the corporate negligence claims, Plaintiff would have twenty days to cure the defect.

The Court sees no reason to undertake an academic exercise of dismissing, and subsequently reinstating, Plaintiff's corporate negligence claims. Seeing that Plaintiff already cured the defect by filing a second certificate of merit that pertains to her corporate negligence claims, the Court concludes that Plaintiff is now in compliance with Pa. R. Civ. P. 1042.3(a). Therefore, the Court denies PrimeCare's motion to dismiss Plaintiff's corporate negligence claims.

**B.  The Court Will Grant PrimeCare's Motion to Dismiss Plaintiff's § 1983 Claim Against PrimeCare (Count IV) to the Extent It Asserts a Fourth Amendment Claim**

PrimeCare argues that the Amended Complaint cannot support a Fourth Amendment claim because it lacks any allegation of a search or seizure, much less an

unreasonable one. (ECF No. 16 at 9-10.) Plaintiff does not address PrimeCare's argument that Plaintiff failed to state a Fourth Amendment claim—Plaintiff's brief does not even contain the phrase "Fourth Amendment." (*See* ECF No. 22.) Instead, Plaintiff argues that she stated a plausible *Eighth Amendment claim* because she alleged facts that demonstrate that PrimeCare acted with deliberate indifference and wantonness. (*Id.* at 5- 8.)

The Fourth Amendment provides that:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV. As the Supreme Court has stated, "[t]he text of the [Fourth] Amendment thus expressly imposes two requirements. First, all searches and seizures must be reasonable. Second, a warrant may not be issued unless probable cause is properly established and the scope of the authorized search is set out with particularity." *Kentucky v. King*, 563 U.S. 452, 459 (2011) (citing *Payton v. New York*, 445 U.S. 573, 584 (1980)).

"The first step in Fourth Amendment analysis is [identifying] whether a search or seizure has taken place." *George v. Rehiel*, 738 F.3d 562, 573 (3d Cir. 2013) (internal citations and quotation marks omitted).

Plaintiff's Amended Complaint fails to allege any search or seizure. Furthermore, Plaintiff did not respond to PrimeCare's argument that Plaintiff failed to allege a violation of the Fourth Amendment. Therefore, the Court will grant PrimeCare's motion to dismiss Plaintiff's § 1983 claim Against PrimeCare (Count IV), to the extent it asserts a Fourth

Amendment claim. Because the Court finds that amendment would be futile, the Court will dismiss any Fourth Amendment claim in Count IV without leave to amend.[5]

## VI. Discussion: Motion to Strike

Under Federal Rule of Civil Procedure 12(f), courts may "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *see Berezansky v. CBN Bank*, Case No. 3:17-cv-105, 2018 WL 461245, at *2 (W.D. Pa. Jan. 17, 2018) (Gibson, J.) (citing *Nelson v. Bender*, No. 3:15-64, 2015 WL 8207490, at *4 (W.D. Pa. Dec. 7, 2015)). The purpose of a motion to strike "is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Hay v. Somerset Area Sch. Dist.*, No. 3:16-CV-229, 2017 WL 2829700, at *3 (W.D. Pa. June 29, 2017) (Gibson, J.) (quoting *Tennis v. Ford Motor Co.*, 730 F. Supp. 2d 437, 443 (W.D. Pa. 2010)); *see also Brugh v. Mount Aloysius College*, Case No. 3:17-cv-71, 2017 WL 5634984, at *9 (W.D. Pa. Nov. 21, 2017) (Gibson, J.).

Motions to strike "'are not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case.'" *Hay*, 2017 WL 2829700, at *3 (quoting *Tennis*, 730 F. Supp. 2d at 443) (internal citations omitted); *see Bender*, 2015 WL 8207490, at *9 ("The standard for striking under Rule 12(f) is strict and only allegations that are so unrelated to plaintiff's claims as to be unworthy of any consideration should be stricken.

---

[5] "[I]f a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such amendment would be inequitable or futile." *CollegeSource, Inc. v. AcademyOne, Inc.*, 597 Fed. Appx. 116, 126 (3d Cir. 2015) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008)). Amendment would be futile "if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." *Munchak v. Ruckno*, 692 Fed. Appx. 100, 112 (3d Cir. 2017) (internal citations omitted).

9

Striking a pleading is a drastic remedy to be resorted to only when required for the purposes of justice.") (quoting *Johnson v. Anhorn*, 334 F. Supp. 2d 802, 809 (E.D. Pa. 2004)) (internal quotations and citations omitted).

## A. The Court Will Deny PrimeCare's Motion to Strike the Second Set of Paragraphs 74(A)-(F)[6] from the Amended Complaint

PrimeCare asks the Court to strike the second set of paragraphs 74(A)-(F) from the Amended Complaint as immaterial because these paragraphs appear in a vicarious liability count but allege facts that solely pertain to the corporate negligence claims. (ECF No. 16 at 11-12.) Plaintiff agrees that these paragraphs are immaterial to the vicarious liability claims and stipulates to dismiss them if the Defendants agree to allow Plaintiff to file a Second Amended Complaint. (ECF No. 22 at 8.)

"[T]he notice pleading standard of the Federal Rules of Civil Procedure is a liberal one." *Kyeame v. Buchheit*, No. 1:07-CV-1239, 2011 WL 3651369, at *1 (M.D. Pa. Aug. 18, 2011) (citing *Evancho v. Fisher*, 423 F.3d 347, 352 (3d Cir. 2005)); *Blasi v. Borough of Pen Argyl*, No. CIV.A 14-1354, 2015 WL 4486717, at *5 (E.D. Pa. July 23, 2015) (internal citation omitted) ("in federal civil cases, a claimant . . . must merely provide a statement sufficient to put the opposing party on notice of the claim.").

---

[6] The Court observes that paragraph 74 of the Amended Complaint, located in the vicarious liability count against PrimeCare, contains two sets of claims titled (A) through (F). The first set alleges facts relevant to the vicarious liability claim. But the second set contains allegations relating solely to the corporate negligence claim. (*See* ECF No. 11.) The Court observes that the Amended Complaint, and the Brief in Opposition to the Motion to Dismiss, contain numerous typographical and substantive errors. For instance, the Amended Compliant contains several counts labeled "Count III" and, as discussed above, presents facts under counts to which they do not pertain. Most glaringly, Plaintiff's brief fails to even respond to PrimeCare's motion to dismiss the Fourth Amendment claim. The Court expects Plaintiff not to repeat these errors in future filings before the Court.

The Court will deny PrimeCare's motion to strike. While the Amended Complaint could be organized more effectively, it provided PrimeCare with adequate notice of Plaintiff's claims. PrimeCare does not contend otherwise. Furthermore, while the allegations in the second set of paragraphs 74(A)-(F) of the Amended Complaint may not pertain to the vicarious liability claims, these paragraphs undisputedly pertain to the corporate negligence claims. Thus, it cannot be said that these claims "have no possible relation to the controversy . . . ." *Hay*, 2017 WL 2829700 (articulating standard for striking allegations from a complaint). Finally, federal courts are not bound by the presence, or absence, of headers when construing a complaint. *See generally Roadman v. Select Specialty Hosp.*, No. 3:16-CV-246, 2017 WL 4236581, at *3 (W.D. Pa. Sept. 22, 2017) (Gibson, J.) For these reasons, the Court will deny PrimeCare's motion to strike.

### B. The Court Will Deny PrimeCare's Motion to Dismiss Paragraphs 30 and 31 of the Amended Complaint

The Amended Complaint alleges that four suicides occurred in the Blair County Jail between 2007 and 2012. (ECF No. 11 at ¶ 30.) PrimeCare asks the Court to strike these paragraphs as immaterial and scandalous. (*See* ECF No. 16 at 12-14.) Plaintiff contends that these prior suicides support Plaintiff's Eighth Amendment claim because they suggest that Defendants were deliberately indifferent to the risk of suicide among inmates. (ECF No. 22 at 9.)

The Court will deny PrimeCare's motion to strike. While the Court reserves judgment on whether these facts—if true—are admissible at trial, the Court cannot conclude at this early stage that these allegations are immaterial to the claims in this case.

11

Moreover, the Court does not believe that Defendants will be prejudiced by the fact that paragraphs 30 and 31 will remain in the Amended Complaint "in light of the fact that pleadings . . . are not read to jurors." *Lifetouch Nat'l Sch. Studios Inc. v. Roles*, No. 3:15-CV-234, 2016 WL 3440620, at *2 (W.D. Pa. June 20, 2016) (Gibson, J.) (denying motion to strike) (citing *Ratvasky v. Citizens National Bank*, 2005 WL 3289343, at *2 (W.D. Pa. Dec. 5, 2005)). If the case proceeds to trial, the relevance and admissibility of these allegations will be determined at a later date.

For these reasons, the Court denies PrimeCare's motion to strike paragraphs 30 and 31 of the Amended Complaint.

## VII. Conclusion

As explained above, the Court denies PrimeCare's motion to dismiss Plaintiff's corporate negligence claims because Plaintiff has cured the defect by filing a certificate of merit. The Court grants PrimeCare's motion to dismiss Plaintiff's Fourth Amendment claim against PrimeCare because Plaintiff failed to state a Fourth Amendment claim. The Court denies PrimeCare's motion to strike in its entirety because the paragraphs to which PrimeCare objects are neither immaterial nor prejudicial, and because the parties may revisit the allegations contained in paragraphs 30 and 31 prior to the case being submitted to a jury.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEBORAH A. BECKWITH, as Administratrix of the ESTATE of SAMANTHA R. BECKWITH, | ) ) ) ) | Case No. 3:18-cv-40 |
| Plaintiff, | ) ) | JUDGE KIM R. GIBSON |
| v. | ) ) | |
| BLAIR COUNTY, operating as BLAIR COUNTY PRISON, MICHAEL JOHNSTON, RANDY POLLOCK and PRIMECARE MEDICAL, INC., | ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

AND NOW, this \_\_\_11th\_\_\_ day of May, 2018, in consideration of PrimeCare's partial motion to dismiss and motion to strike (ECF No. 15), and for the reasons stated in the accompanying memorandum opinion, **IT IS HEREBY ORDERED** as follows:

1. PrimeCare's partial motion to dismiss is **GRANTED in part** and **DENIED in part** as follows:

    a. The motion to dismiss is **DENIED** with respect to the corporate negligence claims (Counts VII and VIII), which remain in the case.

    b. The motion to dismiss is **GRANTED** with respect the § 1983 claim against PrimeCare (Count IV) to the extent it asserts a Fourth Amendment claim. The other claims in Count IV remain.

2. PrimeCare's motion to strike is **DENIED** in its entirety.

BY THE COURT:

/s/ Kim R. Gibson

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE